IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| JAY JENKINS JR. )<br>)<br>)<br>Plaintiff, )<br>) CIVIL ACTION<br>v. ) FILE NO._____<br>)<br>MONARCH RECOVERY )<br>MANAGEMENT, INC. )<br>)<br>Defendant. )<br>_____) | |

## COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, as Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Jay Jenkins Jr. ("Plaintiff") is a natural person who at all relevant times resided in the State of Georgia, County of Laurens, and City of Dublin.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Monarch Recovery Management, Inc. ("Defendant") is a corporation that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a Home Depot CitiBank personal credit card with account number ending in 3679 (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or asserted to be once owed or due, another.

11. On or about February 26, 2015, Plaintiff and Citibank, the original creditor, entered an agreement to settle the Debt for the amount of $122.62.

12. A true and accurate copy of CitiBank's February 26, 2015 letter to Plaintiff memorializing the agreement is attached to this complaint as Exhibit B.

13. On or about March 26, 2015, Plaintiff made a settlement payment of $122.62 to Citibank via check-by-phone.

14. Although CitiBank was authorized to process the settlement payment, unbeknownst to Plaintiff, it did not do so.

15. Instead, Citibank retained Defendant to engage in collection activity with respect to the Debt.

16. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated September 1, 2015.

17. A true and accurate copy of Defendant's September 1, 2015 letter to Plaintiff is attached to this complaint as Exhibit A.

18. Defendant's September 1, 2015 letter was its initial communication with Plaintiff with respect to the Debt.

19. Defendant's September 1, 2015 letter represented that Plaintiff owed $2,547.13 with respect to the Debt.

20. By virtue of the agreement reached between Plaintiff and Citibank, Defendant's representation that Plaintiff owed $2,547.13 with respect to the Debt was false.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

21. Plaintiff repeats and re-alleges each and every factual allegation above.

22. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

23. Plaintiff repeats and re-alleges each and every factual allegation above.

24. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f(1)

25. Plaintiff repeats and re-alleges each and every factual allegation above.

26. Defendant violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect from Plaintiff an amount not expressly authorized by agreement or law.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

27. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 18, 2016.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, GA 30345
(404) 365-4460
(855) 415-2480 (fax)
Craig@EhrlichLawOffice.com